Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
Helen Mosothoane (SBN 254511)
hmosothoane@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:   213-614-7399

Attorneys for *Defendant* **DIVERSIFIED ADJUSTMENT SERVICES, INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| VERA CAREY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DIVERSIFIED ADJUSTMENT SERVICES, INC.,<br><br>　　　　　Defendant. | Case No.: 2:26-cv-01153-PVC<br><br>**DEFENDANT DIVERSIFIED ADJUSTMENT SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declaration of Counsel and [Proposed] Order]*<br><br>**Hearing**:<br>Date: March 17, 2026<br>Time: 10:00 a.m.<br>Crtm: 590 |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, on **March 17, 2026**, **at 10:00 a.m.**, or as soon thereafter as the matter may be heard before the Hon. Magistrate Judge Pedro V. Castillo in Courtroom 590 of the above-entitled court, located at 255 E. Temple St., Los Angeles, CA 90012, *defendant* Diversified Adjustment Services, Inc. ("Diversified") will, and hereby does, move the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

///

1      As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion seeks a dismissal of this action with prejudice on the grounds that *plaintiff* Vera Carey's ("Plaintiff") *First Amended Complaint* [Doc. 1] (the "FAC") fails to state claims against Diversified upon which relief can be granted.

     This motion is based on the attached Memorandum, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated: February 11, 2026

**HINSHAW & CULBERTSON LLP**

By: */s/ Zeeshan Iqbal*
    BRIAN A. PAINO
    HELEN MOSOTHOANE
    ZEESHAN IQBAL
Attorneys for *Defendant* **DIVERSIFIED ADJUSTMENT SERVICES, INC.**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case was initiated in the Small Claims Division of the Los Angeles Superior Court (the "Superior Court"). Diversified removed the case to this Court on the basis of federal question jurisdiction as Plaintiff seeks statutory damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1691, *et seq.* (the "FDCPA"). She also seeks remedies under the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. (the "Rosenthal Act"), California's analogue to the FDCPA. Her claims against Diversified relate to a T-Mobile account (the "Account") for which she claims she is not liable. She specifically contends the Account was closed and paid on time, and there is therefore no outstanding balance due on the Account. The FAC pleads insufficient facts to plausibly establish any of the necessary elements of a claim against Diversified under the FDCPA or Rosenthal Act. For this reason, as discussed more fully herein, the FAC should be dismissed.

## II. FACTUAL & PROCEDURAL BACKGROUND

On December 26, 2025, Plaintiff commenced this action by filing her original Complaint against Diversified in the Superior Court. (*See* Doc. 1). Plaintiff subsequently filed the FAC on December 29, 2025. (*See id*.). The following are the only substantive allegations in the FAC:

> Defendants attempted to collect and/or report a T-Mobile debt that was not owed. Plaintiff T-Mobile account was closed and final bill paid on time and in full. Plaintiff disputed the claim and provided written proof that the bill in question was paid on time and in full. Defendant failed to validate the debt or correct its records in violation of federal and California debt collection laws, causing Plaintiff damages.
>
> Statutory damages, lost productivity, out-of-pocket expenses, and disruption caused Defendant's failure to validate or correct an invalid debt.

(*See id.* at pp. 2-3).

On February 4, 2026, Diversified filed a Notice of Removal whereby it timely removed the FAC to this Court. (*See* Doc. 1).

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiffs. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990); *see also Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The court may properly look beyond the complaint only to items in the record of the case or to matters of general public record. *See Emrich v. Touche Ross & Company*, 846 F.2d 1190, 1198 (9th Cir. 1988). If the factual allegations in a complaint do not raise the "right to relief above the speculative level," the complaint may be dismissed for failure to state a claim under Rule 12(b)(6). *See Bell Atlantic v. Twombly*, 550 U.S. 555 (2007).

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8. *See Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). Pursuant to Rule 8, a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief []." Fed. R. Civ. P. 8(a)(2). While the Federal Rules of Civil Procedure adopt a flexible pleading policy, every complaint must, at a minimum, "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citations omitted). Although a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' for his 'entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Indeed, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

IV. <u>ANALYSIS</u>

    A. <u>PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA</u>

The FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (citing 15 U.S.C. § 1692e). "In order to establish a clam under the FDCPA, [a] plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o." *Gutierrez v. Wells Fargo Bank*, 2009 U.S. Dist. LEXIS 9013, at *5-6 (N.D. Cal. 2009).

Pursuant to the FAC, Plaintiff alleges she is entitled to recover statutory damages under the FDCPA. Her ability to recover statutory damages under the FDCPA is dependent on her establishing the aforementioned elements of an FDCPA claim. She has not alleged facts plausibly establishing any of these necessary elements. To start, Plaintiff does not allege she is a "consumer" within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d). Nor does Plaintiff allege facts demonstrating that the Account and/or any balance due thereon is covered by the FDCPA. *See* 15 U.S.C. § 1692a(5) (recognizing that the FDCPA covers "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes…").

The FAC also does not allege sufficient facts to establish that Diversified is a "debt collector" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(4) (defining "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed…"). Indeed, the FAC is devoid of allegations establishing the principal purpose of Diversified's business is the collection of debts and that Diversified regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed to another, as is necessary to establish that Diversified qualifies as a "debt collector." *See* 15 U.S.C. § 1692a(6). The FAC instead alleges, in conclusory fashion, that Diversified "attempted to collect and/or report a T-Mobile debt" and "failed to validate the debt or correct its records in violation of federal and California debt collection laws." (*See* FAC, ¶ 3). These bare allegations fail to provide a sufficient factual basis for concluding that Diversified meets the definition of a "debt collector" under the FDCPA. Plainly stated, the FAC contains insufficient facts to plausibly establish that Diversified is a "debt collector" within the meaning of the FDCPA.

Plaintiff does not otherwise allege facts to establish a violation of any provision of the FDCPA. She vaguely alleges that Diversified "attempted to collect and/or report a T-Mobile debt that was not owed." (*See* FAC, ¶ 3). The FAC also alleges that Diversified failed to "validate the debt or correct its records, in violation of federal and California debt collection laws…" (*See id.*). Section 1692g of the FDCPA governs the validation of debts and requires a debt collector to, within five days of its initial communication with a consumer, provide a notice containing certain information. 15 U.S.C. § 1692g(a). Among other things, the notice must inform the consumer "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;" and "that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against

the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(3)-(4). Once a debt collector receives a request to verify a debt, it can either provide the requested validation or cease its collection efforts. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (9th Cir. 2007).

Plaintiff does not have a viable claim for violation of section 1692g for the threshold reason that she fails to allege nonconclusory facts to support the claim. Indeed, as noted above, the claim is based on Plaintiff's conclusory allegation that Diversified failed to "validate the debt or correct its records, in violation of federal and California debt collection laws…" (*See* FAC, ¶ 3). This conclusory allegation is insufficient to state a viable claim for violation of section 1692g. *See Iqbal*, 556 U.S. at 678 (recognizing that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim). Moreover, Plaintiff's claim for violation of section 1692 requires a showing that Diversified is a "debt collector." She has failed to allege sufficient facts to make this showing, as previously discussed. Even if Plaintiff could overcome this defect, she fails to allege whether or when she received a notification from Diversified pursuant to section 1692g, much less that: (1) she timely submitted a written dispute to Diversified in response to the notification; and (2) Diversified took action to collect on a disputed debt without validating the debt. Absent these allegations, Plaintiff has not stated a viable claim based on a violation of section 1692g.

In sum, the FAC does not allege sufficient facts to plausibly establish any of the necessary elements of a claim under the FDCPA. The claim is instead based on conclusory allegations that are clearly insufficient to sustain a claim for violation of the FDCPA. As a result, Plaintiff's FDCPA claim should be dismissed.

///

///

///

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA

"To state a claim for a violation of the Rosenthal Act, a plaintiff must allege that (i) the plaintiff is a 'debtor,' (ii) the debt at issue is a 'consumer debt,' (iii) the defendant is a 'debt collector,' and (iv) the defendant violated a provision of the Act." *Barlow v. Capital Accounts, LLC*, 2022 U.S. Dist. LEXIS 25065, *5 (N.D. Cal. 2022) (citing Cal. Civ. Code § 1788.10). The Rosenthal Act generally "prohibit[s] debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts . . . ." Cal. Civ. Code § 1788.1.

Like her claim under the FDCPA, Plaintiff's claim under the Rosenthal Act is factually unsupported. She does not allege facts establishing: (1) she is a "debtor" within the meaning of the Rosenthal Act; (2) Diversified is a "debt collector" within the meaning of the Rosenthal Act; or (3) Diversified sought to collect a "consumer debt" through means prohibited by the Rosenthal Act. As a result, she has not stated a viable claim for violation of the Rosenthal Act.

### V. CONCLUSION

For the reasons set forth herein, the FAC should be dismissed.

Dated: February 11, 2026

**HINSHAW & CULBERTSON LLP**

By: */s/ Zeeshan Iqbal*
    BRIAN A. PAINO
    HELEN MOSOTHOANE
    ZEESHAN IQBAL
Attorneys for *Defendant* **DIVERSIFIED ADJUSTMENT SERVICES, INC.**

## **LOCAL CIVIL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for *Defendant* Diversified Adjustment Services, Inc., certifies that this brief contains 1,904 words, which complies with the word limit of L.R. 11- 6.2.

Dated: February 11, 2026          **HINSHAW & CULBERTSON LLP**

By: */s/ Zeeshan Iqbal*
    BRIAN A. PAINO
    HELEN MOSOTHOANE
    ZEESHAN IQBAL
Attorneys for *Defendant* **DIVERSIFIED ADJUSTMENT SERVICES, INC.**

# PROOF OF SERVICE

*Vera Carey v. Diversified Adjustment Services, Inc.*
**USDC, Central District of California Case No.: 2:26-cv-01153-PVC**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476. Email: crico@hinshawlaw.com

On **February 11, 2026**, I served the document(s) entitled:

**(1) DEFENDANT DIVERSIFIED ADJUSTMENT SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; and**

**(2) [PROPOSED] ORDER GRANTING DIVERSIFIED ADJUSTMENT SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **BY EMAIL SERVICE** as follows: By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **February 11, 2026**, at Anaheim, California.

Carolina Rico

## SERVICE LIST

*Vera Carey v. Diversified Adjustment Services, Inc.*
USDC, Central District of California Case No.: 2:26-cv-01153-PVC

Vera Carey                                      *Plaintiff*, **IN PRO PER**
2112 Havemeyer Ln.
Redondo Beach, CA 90278
Tel.: (310) 254-0799
Email: verarc1@yahoo.com